CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 07 2014

JULIA C. ___, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY G. JONES, JR., <br> Plaintiff, | Civil Action No. 7:14-cv-00301 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA <br> DEPARTMENT OF CORRECTIONS, <br> Defendant. | By: Hon. Glen E. Conrad <br> Chief United States District Judge |

Larry G. Jones, Jr., a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, naming the Commonwealth of Virginia Department of Corrections as the sole defendant. Plaintiff requests $100,000 because he believes the defendant has kept him incarcerated past his release date. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.[1]

As a general rule, when a person in custody believes that he is detained illegally, or beyond the length of the sentence imposed, the appropriate remedy is to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under that statute, it is necessary for the petitioner to exhaust all available state court remedies before pursuing relief in a federal court. Inasmuch as Mr. Jones asserts that he is being incarcerated past his release date, it would appear that a habeas petition is the appropriate course, once state court remedies are fully exhausted.

---

[1] The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To the extent that plaintiff seeks monetary damages for what he believes to be illegal incarceration, the court notes that plaintiff must first establish that his continued incarceration is illegal before he is entitled to seek monetary damages. Heck v. Humphries, 512 U.S. 477 (1994). In any event, the court must dismiss plaintiff's complaint because plaintiff fails to name a person acting under color of state law as defendant. e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Neither the Commonwealth of Virginia nor the Department of Corrections is amenable to suit via § 1983. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 1st day of July, 2014.

*/s/ Glen Conrad*
Chief United States District Judge